(C. D. 219)

E. E. KELLY & Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 6, 1939.)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster* and *Richard F. Weeks*, special attorneys, and *Alfred A. Taylor, Jr.*, junior attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiffs seek to recover money paid as customs duties upon an importation of fresh halibut and halibut livers taken by the crew of the oil schooner *Tahoma* in the Pacific Ocean, apparently on the halibut banks adjacent to Alaska. The halibut was assessed for duty at the rate of 2 cents per pound under paragraph 717 of the Tariff

Act of 1930. The halibut livers were admitted free under paragraph 1669 of the same act. Plaintiffs claim in their protest that the fish in question should have been admitted free of duty under paragraph 1730 (a) which relates to the product of American fisheries. By an amendment submitted at the docket call it was claimed that the merchandise was not imported into the United States from any foreign country and hence the same was not dutiable. An objection was interposed to the granting of the amendment on the ground that a commission to take testimony had been issued, and therefore that the case had been called for trial, and the amendment was untimely under rule 9 (2) of the rules of this court. That rule is as follows:

(2) *Amendment of Pleadings and Motions on Circuit.*—If the plaintiff desires to amend his protest, appeal, or application for review, as provided in section 518 of the Tariff Act of 1930, he may do so by filing with the judge presiding a motion in writing setting forth the proposed amendment at any time before the case is called for trial.

There is a difference between calling the docket and calling a case for trial. Between the call of the docket and the call for trial a commission was issued and interrogatories and cross-interrogatories were propounded and answered. That fact, in our opinion, does not constitute a call of the case for trial within the purview of rule 9, *supra.* We therefore hold that the amendment is timely and the same should be and hereby is granted.

The provisions of the statute involved in this cause are as follows:

Par. 717. (a) Fish, fresh or frozen (whether or not packed in ice), whole, or beheaded or eviscerated or both, but not further advanced (except that the fins may be removed): Halibut, salmon, mackerel, and swordfish, 2 cents per pound; other fish, not specially provided for, 1 cent per pound.

(b) Fish, fresh or frozen (whether or not packed in ice), filleted, skinned, boned, sliced, or divided into portions, not specially provided for, 2½ cents per pound.

(c) Fish, dried and unsalted: Cod, haddock, hake, pollock, and cusk, 2½ cents per pound; other fish, 1¼ cents per pound.

Par. 1730. (a) All products of American fisheries (including fish, shellfish, and other marine animals, and spermaceti, whale, fish, and other marine animal oils), which have not been landed in a foreign country or which, if so landed, have been landed solely for transshipment without change in condition: *Provided,* That fish the products of American fisheries (except cod, haddock, hake, pollock, cusk, mackerel, and swordfish) landed in a foreign country and there not further advanced than beheaded, eviscerated, packed in ice, frozen, and with fins removed, shall be exempt from duty: *Provided further,* That products of American fisheries, prepared or preserved by an American fishery, on the treaty coasts of Newfoundland, Magdalen Islands, and Labrador, as such coasts are defined in the Convention of 1818 between the United States and Great Britain, shall be exempt from duty.

The Government defends the collection of the duty on the theory that the vessel which took the halibut from the ocean was not an American vessel but that the same had been falsely registered. The

plaintiffs offered in evidence a certificate of registry which was received without objection and marked Exhibit A. From this exhibit it appears that the *Tahoma* was registered from Ketchikan, belonging to one W. Pierce and was given registry No. 214,741. The plaintiffs also introduced Exhibit 4, which is an abstract and certificate of the record of title to the said vessel which showed that W. Pierce had conveyed the same by bill of sale on December 4, 1924, and that on February 2, 1929, said schooner was mortgaged to the Atlas Engine Co.; that on March 31, 1937, she was sold under a decree of the United States District Court as an alien and was under alien registry. The deposition of B. A. Petterson taken at Prince Rupert, B. C., states that he is a naturalized citizen of the United States who resided at Prince Rupert, and that during 1935 he was master and in command of the said vessel; that he took the position in March 1934, and that he was master when she arrived in Seattle on October 30, 1935; that he was in charge of the vessel when the fish were caught. He also stated that the fish were caught by the captain and crew of the schooner *Tahoma* at Cape Clear, Alaska, in the month of October 1935. He further said that the crew consisted of nine persons and gave the list of said crew in answer to interrogatory 19, which list does not include the name of one Anton Martinson, yet on cross-interrogatory he said that Anton Martinson was employed on the *Tahoma* as a fisherman. This is significant only because of the fact that the Government relies upon the record in the case of *Tahoma* (*Pierce et al.* v. *United States et al.*), 87 Fed. (2d) 349, as showing that this vessel had been falsely registered.

The learned circuit judge in his opinion in that case quotes various sections of the United States Statutes (46 U. S. C. A.) giving the law in relation to registration of vessels, etc., and among other things he quotes sections 41 and 60 of that volume of the United States Code Annotated as follows:

Section 41 provides: "If any vessel registered as a vessel of the United States shall be sold or transferred, in whole or in part, by way of trust, confidence, or otherwise, to a subject or citizen of any foreign prince or state, and such sale or transfer shall not be made known, as hereinbefore directed, such vessel, together with her tackle, apparel, and furniture, shall be forfeited."

Section 60 provides: "Whenever any certificate of registry, * * * to any vessel, is knowingly and fraudulently obtained or used for any vessel not entitled to the benefit thereof, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture."

Thereafter on page 354 of the opinion he states:

* * * whereas in the instant case the violation charged is using a certificate of registry to which the vessel was not entitled.

and further:

The written evidence together with the evidence that Johnson and Martinson operated the *Tahoma* for F. E. Hunt, Ltd., the evidence of control and management is evidence of a sale or transfer "by way of trust, confidence, or otherwise." The explanation apparent from evidence introduced on behalf of appellant, if believed, would be amply sufficient to show that there was no such sale or transfer. As we view the evidence, we must also consider the presumption that appellee's evidence is the correct version of what happened, and we must further consider that appellant's evidence was held incredible by the trial court. Under such circumstances, we are unable to say that appellant has sustained the burden of proof cast upon him.

This decision affirmed the opinion of the lower court and we gather from the foregoing statements that the vessel was forfeited for violation of section 60, *supra*. Exhibit 4 introduced by the plaintiffs shows that the vessel was sold by a decree of the United States District Court. Since the last certificate of registration produced (Exhibit 3) was dated December 31, 1925, we must presume that the decision above cited holds that the certificate issued to W. Pierce of Ketchikan, Alaska, registration No. 214,741, was one to which said vessel was not entitled, because of the fact that subsequent to the issuance of that certificate of registration there had been a sale or transfer of said vessel "by way of trust, confidence, or otherwise."

Counsel for the Government calls attention to a decision of Hough, Circuit Judge, in the case of *Atlantic Fruit Co.* v. *Red Cross Line*, 5 Fed. (2d) 218, wherein he states at page 219 as follows:

That we may take cognizance without plea or proof of the judicial opinions of any state in the Union is undoubted (*Vagaszki* v. *Consolidation Coal Co.*, 225 Fed. 913 141 C. C. A. 37), and a fortiori is this true of the opinions of United States courts. How far this notice of opinions permits the investigation of the record that produced the opinion is a subject not free from doubt. *Eyster* v. *Gaff*, 91 U. S. 521, 23 L. ed. 403; Re Manderson, 51 F. 501, 2 C. C. A. 490. We think it clear, however, that it is permissible to examine the record resulting in an opinion, to ascertain the grounds upon which the opinion is based. This does not imply acceptance as proven facts, of what the court writing the opinion so regarded.

We think the controlling rule on the question of accepting the facts quoted in opinions of Federal courts is as laid down by the Supreme Court in the case of *Mackay* v. *Alton R. Easton*, 86 U. S. 619, 22 L. ed. 211, wherein at page 214, the court said:

The cases cited under the second objection are not evidence in this case; the records of them are not before us. The reports of their decision in Howard may be referred to as expositions of law upon the facts there disclosed, but they are not evidence of those facts in other cases.

This rule seems to have been followed in *Beach* v. *Hobbs et al.*, 82 F. 916, where the principle is quoted and discussed at page 920.

Under the decision of the Circuit Court of Appeals in the *Tahoma* case, *supra*, plus the documentary evidence and the admissions in this case, it is clearly shown that this vessel was not lawfully registered as

an American vessel at the time the fish in question were caught and entered at a port of the United States.

The claim is made that the fish were caught in American waters by a vessel under the control of a resident of the United States, as provided for in article 477 of the Customs Regulations of 1931. The proof is not clear as to where the fish were taken. The nearest approach to that is a statement in the deposition that they were caught at Cape Clear, Alaska, but the record is clear that neither the captain nor the members of the crew listed were residents of the United States.

We are of the opinion that the plaintiffs are not entitled to recover. Judgment will be rendered for the defendant. It is so ordered.